PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>ALBERTO CERVANTES,<br><br>           Defendant. | CASE NO.  5:23-MJ-00016 CDB<br>              1:21-CR-00327 ADA<br><br>[AMENDED] STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER<br><br>DATE: June 1, 2023<br>TIME: 2:30 p.m. |

This case is set for a preliminary hearing and status conference on supervised release violation on June 1, 2023.  The parties agree and stipulate to continue the preliminary hearing and status conference on supervised release violation until June 22, 2023.  Defense counsel is engaged in discussions with the government regarding possible pre-indictment resolution.  The government has extended a plea offer.  However, one issue relates to whether the defendant qualifies as an Armed Career Criminal, and the parties are consulting with federal probation.  The parties need additional time to conclude discussions and any follow-on investigation.

If the case is continued, this Court should designate a new date for the preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing and status conference on supervised release violation on June 1, 2023.

2. By this stipulation, defendant now moves to continue the preliminary hearing and status conference on supervised release violation until **June 22, 2023, at 2:00 p.m.** and to exclude time between June 1, 2023, and June 22, 2023, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The parties are discussing and conducting further investigation into pre-indictment matters in an effort to determine whether a pre-indictment resolution is possible.

    b) Counsel for defendant desires additional time to consult with his client, conduct further investigation, and discuss charges with the government.

    c) Counsel for defendant is unavailable for a 2 week period between June 1 and June 22; therefore, for continuity of counsel the parties selected the a date that provides adequate time to address the above-stated matters accounting for defense counsel's availability.

    d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e) The government does not object to the continuance.

    f) Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause". Here, the defendant consents and there is good cause as set forth herein.

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

    h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which an indictment must be filed and within which a trial must commence, the time period of June 1, 2023 to June 22, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated:  May 30, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ KIMBERLY A. SANCHEZ
KIMBERLY A. SANCHEZ
Assistant United States Attorney

Dated:  May 30, 2023

/s/ ERIN SNIDER
RICHARD BESHWATE
Counsel for Defendant
ALBERTO CERVANTES

## [~~PROPOSED~~] FINDINGS AND ORDER

Having reviewed the parties Stipulation and proposed findings, the Court finds the following:

a) The parties are discussing and conducting further investigation into pre-indictment matters, and need additional time to conclude that process.

b) Counsel for defendant desires additional time to consult with her client, conduct further investigation, and discuss charges with the government.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later

than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause". Here, the defendant consents and there is good cause as set forth herein.

  f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

  g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of June 1, 2023 to June 22, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS HEREBY ORDERED that the preliminary hearing and status conference on supervised release violation scheduled for June 1, 2023 at 2:30 p.m. is continued to June 22, 2023 at 2:30 p.m. IT IS FURTHER ORDERED that the time between June 1, 2023 and June 22, 2023 is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS SO ORDERED.

Dated:  **May 30, 2023**　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE